Dupree v State of New York (2025 NY Slip Op 52186(U))

[*1]

Dupree v State of New York

2025 NY Slip Op 52186(U) [88 Misc 3d 1236(A)]

Decided on November 25, 2025

Court Of Claims

Richardson, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 25, 2025
Court of Claims

Reginald Dupree,
Claimant,

againstThe State of New York, Defendant.

Claim No. 130629

For Claimant:Reginald Dupree, Pro SeFor Defendant:Letitia James, New York State Attorney General 
By Elizabeth Gavin, Esq., Assistant Attorney General

Edwina G. Richardson, J.

Claimant Reginald Dupree, proceeding pro se, filed his claim against the State of New York
(Defendant) on November 27, 2017, seeking $1,345.84 in damages due to Defendant allegedly
losing his property. After considering the testimony and documentary evidence received at trial,
the parties' arguments, and applicable law, the Court dismisses the claim due to lack of subject
matter jurisdiction.
I. RELEVANT FACTSThe Court conducted a trial on August 14, 2025, via
Microsoft Teams, with the Court presiding in New York, New York. Claimant appeared from
Green Haven Correctional Facility and the Assistant Attorney General appeared from her work
location.
The Court admitted the Claim and its attachments into evidence as Claimant's Exhibit 1.
Claimant was sworn in and testified on his own behalf. He testified that on September 18,
2017, he took a package containing legal transcripts, bank statements, and a polo shirt to the
facility's package room for his wife to retrieve after a visit. He stated that the package room gave
him two receipts: one for him and one for his wife to claim the package. After their visit
concluded, Claimant said, his wife called and told him that the package was not in the package
room when she went to retrieve it.
Claimant testified that he filed a grievance with the Inmate Grievance Resolution Committee
(IGRC) on September 29, 2017, and that the IGRC issued a determination in his favor.[FN1]

Defendant moved to dismiss the claim, arguing that the evidence Claimant submitted was
insufficient to meet his burden of proof. Claimant failed to establish that he possessed the
property, that they were placed in Defendant's care, and they were lost. Defendant also argued
that the allegedly lost property's fair market value is unclear.
Claimant opposed the motion.
Defendant did not question Claimant or present evidence, instead resting on its papers and
legal arguments. Defendant's verified answer raised the affirmative defense that the "claim is
premature under Court of Claims Act § 10 (9) in that the claimant has not exhausted the
personal property claims administrative remedy established for inmates by" the Department of
Corrections and Community Supervision (DOCCS), "the claim fails to attach documentation of
the exhaustion of the available personal property Claim procedure pursuant to Title 7 NYCRR
Part 1700 prior to the filing of this claim, and the claimant's submission of a grievance pursuant
to Title 7 NYCRR Part 701 is irrelevant to the proper and timely filing of this bailment
claim."
The Court reserved decision.
II. ANALYSISThe Court finds that the claim must be dismissed for lack of
subject matter jurisdiction. A "claim of any incarcerated individual in the custody of [DOCCS]
for recovery of damages for injury to or loss of personal property may not be filed unless and
until the incarcerated individual has exhausted the personal property claims administrative
remedy, established for incarcerated individuals by the department" (Court of Claims Act §
10 [9]).
DOCCS "has established a two-tier system for handling personal property claims consisting
of an initial review and an appeal" (Diaz v State of New York, Ct Cl, Dec. 12, 2005,
Lebous, J., claim No. 111503, UID No. 2005-019-589). "Both of these separate and distinct steps
must be completed at the time a claim is filed and served in order for a claimant to be deemed to
have exhausted his administrative remedies" (Tafari v State of New York, Ct Cl, Dec. 9,
2002, Lebous, J., claim No. 106576, UID No. 2002-019-591). "The failure to exhaust the
available administrative remedies deprives the Court of Claims of subject matter jurisdiction and
requires dismissal of the claim" (Diaz at p 3).
In Diaz, the claimant filed a claim under the [Incarcerated Individual] Grievance
Procedure set forth in 7 NYCRR Part 701 rather than the process for incarcerated individual
personal property claims under 7 NYCRR Part 1700. The claimant attached his grievance filed
under Part 701, but the court found this documentation insufficient to establish exhaustion of
administrative remedies because incarcerated individuals' "personal property claims are
processed under regulations found in 7 NYCRR Part 1700 rather than the inmate grievance
procedure contained in 7 NYCRR Part 701" (Diaz at 2). This process is separate from the
grievance procedure for claims related to loss or damage to personal property required under 7
NYCRR Part 1700 (id.; see also 7 NYCRR § 701.3 [e] [2] [incarcerated
individual property claim listed as non-grievable issue]).
Like the claimant in Diaz, Claimant followed the incarcerated individual grievance
procedure in 7 NYCRR Part 701 rather than the process for inmate personal property claims. As
a result, Claimant failed to exhaust administrative remedies and thus his claim must be dismissed
for failure to comply with Court of Claims Act § 10 (9).[FN2]

Accordingly, this Court must dismiss the claim due to lack of jurisdiction.
For the reasons stated above, Defendant's motion to dismiss the claim is GRANTED
in whole for the reasons stated herein and claim number 130629 is hereby
DISMISSED.
Let judgment be entered accordingly.
Dated: November 25, 2025New York, New YorkHon. Edwina G. RichardsonJudge of the Court of Claims

Footnotes

Footnote 1:Claimant attached the IGRC's
determination to his claim as exhibit 4. The IGRC determined that the package room released
Claimant's package to someone other than his wife.

Footnote 2:Even if filing a grievance with
the IGRC was the proper route, Claimant did not include the determination of his appeal,
therefore failing to show that he exhausted his administrative remedies prior to filing his claim.